J-S07036-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CATHERINE JOANN ELIZABETH | : | |
| HOUSTON | : | |
| | : | |
| Appellant | : | No. 914 WDA 2020 |

Appeal from the Judgment of Sentence Entered July 10, 2020
In the Court of Common Pleas of Mercer County
Criminal Division at No(s):  CP-43-CR-0002248-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CATHERINE JOANN HOUSTON | : | |
| | : | |
| Appellant | : | No. 915 WDA 2020 |

Appeal from the Judgment of Sentence Entered July 10, 2020
In the Court of Common Pleas of Mercer County
Criminal Division at No(s):  CP-43-CR-0000138-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CATHERINE JOANN ELIZABETH | : | |
| HOUSTON | : | |
| | : | |
| Appellant | : | No. 916 WDA 2020 |

Appeal from the Judgment of Sentence Entered July 10, 2020
In the Court of Common Pleas of Mercer County
Criminal Division at No(s):  CP-43-CR-0000575-2020

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
CATHERINE JOANN ELIZABETH :
HOUSTON :
:
Appellant : No. 917 WDA 2020

Appeal from the Judgment of Sentence Entered July 10, 2020
In the Court of Common Pleas of Mercer County
Criminal Division at No(s): CP-43-CR-0000576-2020

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
CATHERINE JOANN ELIZABETH :
HOUSTON :
:
Appellant : No. 918 WDA 2020

Appeal from the Judgment of Sentence Entered July 10, 2020
In the Court of Common Pleas of Mercer County
Criminal Division at No(s): CP-43-CR-0000577-2020

BEFORE: SHOGAN, J., DUBOW, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED: May 18, 2021**

Appellant, Catherine Joann Elizabeth Houston, appeals from the judgment of sentence entered in the Mercer County Court of Common Pleas following her open guilty plea to multiple counts of retail theft.[1] We affirm.

---

[1] 18 Pa.C.S.A. § 3929(a)(1).

The relevant facts and procedural history of this case are as follows. On May 11, 2020, Appellant entered a guilty plea at docket CP-43-CR-0002248-2019 to one count of retail theft as a felony of the third degree. On July 9, 2020, Appellant entered guilty pleas on the remaining four dockets. Specifically, at docket CP-43-CR-0000138-2020, Appellant entered a guilty plea to one count of retail theft as a misdemeanor of the first degree; at docket CP-43-CR-0000575-2020, Appellant entered a guilty plea to one count of retail theft as a felony of the third degree; at docket CP-43-CR-0000576-2020, Appellant entered a guilty plea to one count of retail theft as a felony of the third degree; and at docket CP-43-CR-0000577-2020, Appellant entered a guilty plea to one count of retail theft as a felony of the third degree. On July 10, 2020, the court held a sentencing hearing on all five dockets. At the conclusion of the hearing, the court imposed an aggregate sentence of 40-80 months' imprisonment, followed by 5 years' probation.

On July 15, 2020, Appellant timely filed a motion for modification of sentence. Appellant argued that her sentence should be reduced based upon various mitigating circumstances, which included physical and sexual abuse by her father and paramours, her drug addiction and mental health issues, and her history of unstable housing and foster care. Appellant claimed the Mercer County Behavioral Health Commission recommended that she participate in a long-term rehabilitation program, but she feared that she would be ineligible for certain programs in the state prison system. (***See***

- 3 -

Motion to Modify Sentence, 7/15/20, at 1-45).

On August 3, 2020, the court denied Appellant's post-sentence motion. On August 28, 2020, Appellant timely filed separate notices of appeal at each trial court docket number.[2] On August 31, 2020, the court ordered Appellant to file a concise statement of errors complained of on appeal. On September 16, 2020, Appellant timely filed her concise statement.

Appellant raises a single issue for our review:

> Whether the trial court abused its discretion when the trial court imposed a sentence that was not specifically tailored to the nature of the offense, the ends of justice and society, and failed to consider the rehabilitative and underlying trauma of Appellant.

(Appellant's Brief at 4).

Appellant argues that the trial court did not place appropriate weight on certain mitigating factors, including evidence regarding the trauma that Appellant suffered during her life. (*See id.* at 14). Appellant contends that due to her history of trauma, drug addiction, and mental illness, she should have been allowed to attend clinically-managed, high intensity residential services at a licensed long-term rehabilitation program. (*See id.* at 16). Appellant insists the trial court's state sentence failed to give proper weight to those mitigating factors presented via testimony, argument, and the pre-sentence investigation ("PSI") report, and thus was an abuse of discretion and

---

[2] This Court subsequently consolidated the appeal *sua sponte*.

- 4 -

against the norms which underlie the sentencing process. (**See id.** at 17, 24).

As presented, Appellant's claim challenges the discretionary aspects of her sentence. **See Commonwealth v. Disalvo**, 70 A.3d 900, 903 (Pa.Super. 2013) (explaining claim that court failed to consider certain mitigating factors is challenge to discretionary aspects of appellant's sentence).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. **Commonwealth v. Sierra**, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a timely-filed post-sentence motion. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in her brief a

separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa.Super. 2008) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 913 (*quoting* *Commonwealth v. Brown*, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)).

This Court has observed that

> [a]n allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question. *Commonwealth v. McNabb*, 819 A.2d 54, 57 (Pa.Super. 2003). *Accord* *Commonwealth v. Wellor*, 731 A.2d 152, 155 (Pa.Super. 1999) (reiterating allegation that sentencing court "failed to

consider" or "did not adequately consider" certain factors generally does not raise substantial question). **Compare Commonwealth v. Felmlee**, 828 A.2d 1105, 1107 (Pa.Super. 2003) (*en banc*) (stating substantial question is raised, however, where appellant alleges sentencing court imposed sentence in aggravated range without adequately considering mitigating circumstances).

"When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." **Commonwealth v. Griffin**, 804 A.2d 1, 10 (Pa.Super. 2002), *appeal denied*, 582 Pa. 671, 868 A.2d 1198 (2005), *cert. denied*, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005). "In particular, the court should refer to the defendant's prior criminal record, [her] age, personal characteristics and [her] potential for rehabilitation." **Id.** Where the sentencing court had the benefit of a [PSI report], we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Devers**, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988). **See also Commonwealth v. Tirado,** 870 A.2d 362, 368 (Pa.Super. 2005) (stating if sentencing court has benefit of PSI, law expects court was aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors). Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. **See Commonwealth v. Cruz-Centeno**, [668 A.2d 536 (Pa.Super. 1995)], *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating combination of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable).

**Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa.Super. 2010).

Instantly, Appellant preserved her sentencing challenge by timely filing her notices of appeal and raising her issues in a timely post-sentence motion and in her Rule 1925(b) statement. Appellant's brief seems to omit certain

pages which might have included the requisite Rule 2119(f) statement. Assuming without deciding that the missing pages contained the Rule 2119(f) statement, Appellant's issue still merits no relief. Significantly, Appellant's claim that the court failed to consider certain mitigating factors does not create a substantial question. *See id.*

Moreover:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa.Super. 2006).

Here, Appellant presented testimony and argument at sentencing regarding her mental health and drug addiction, and requested treatment instead of incarceration. (*See* N.T. Sentencing, 7/10/20, at 8-10). The court noted Appellant's prior record score of 5 as well as the standard guideline ranges for each charge, and proceeded to impose standard and mitigated range sentences, some imposed concurrently and some imposed consecutively, for an aggregate sentence of 40 to 80 months of incarceration followed by 5 years' probation. (*See id.* at 10-15). The court further stated:

The [c]ourt is placing a mitigated-range sentence on the

record based on [Appellant's] pre-sentence investigation[3] that includes a history of abuse. She had … multiple domestic abusive partners. She had an abusive father. She was a runaway in her teens. She has a history of mental health struggles. She has a history of drug addiction, and, therefore, the probationary sentence is run consecutive to her state sentence … the intention of the [c]ourt is that she has a stepdown program following from her release from the state facility.

The [c]ourt notes that it is the intent of the [c]ourt, although the authority under the Department of Corrections, to make any determination, that [Appellant] receive placement into the State Drug Treatment Program.

So, ma'am, I know you wanted a county sentence. The [c]ourt reviewed all those, and I believe that balancing the needs of society and others, you have a history of thirty-nine adult arrests not including the ones that we had in this matter. You had twelve probations. You had two revoked, at least, a minimum of twenty-four convictions, and I believe we have five new ones here. So I believe a lengthy state sentence is appropriate.

I understand the mitigation. I factored that in. I have given you several consecutive sentences, and I hope that you truly get the help that you say that you want, and hopefully they provide it for you in the state facility.

*Id.* at 15-16.

The record belies Appellant's claim that the court failed to consider mitigating factors. Additionally, the court had the benefit of a PSI report, so it was aware of all relevant information regarding Appellant's character and weighed those considerations along with any mitigating factors. ***See Devers,***

---

[3] Although the PSI report is not contained within the certified record, the court's comments at sentencing and in its Pa.R.A.P. 1925(a) opinion confirm that the court received and reviewed it.

*supra* at 101-02; ***Tirado, supra*** at 368.  In its opinion, the court also noted:

> In the instant case, there is not only an assumption that the [c]ourt considered all mitigating factors because of the pre-sentence investigation report, but also the [c]ourt's statements of record that it considered all such factors.  The [c]ourt again states for purposes of [this Court's] review that it considered all mitigating factors.  All sentences imposed by this [c]ourt at each of [Appellant's] dockets were within the standard sentencing guideline ranges, except the consecutive probationary sentence which was in the mitigated range.  The [c]ourt expressly stated its rehabilitative goal of allowing for a stepdown from incarceration. … The [c]ourt considered the specific nature of [Appellant's] lengthy criminal history in imposing [its] sentence, including 39 adult arrests, 24 convictions, five instances of parole including two parole revocations, 12 instances of probation including two probation revocations, and a previous discharge from the state treatment program.  The [c]ourt also specifically recommended [Appellant] for treatment.  The [c]ourt considered prior attempts at rehabilitating [Appellant] as well, as detailed in [the PSI report].  The [c]ourt submits that Appellant has not raised a substantial question … [and if this Court finds Appellant has raised a substantial question,] then this [c]ourt submits that its sentences were proper.

(***See*** Trial Court Opinion, filed October 23, 2020, at 5-6).  Under these circumstances, we see no reason to disrupt the court's sentencing rationale.  ***See Shugars, supra***.  Therefore, even if Appellant had raised a substantial question, it would not merit relief.  Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/18/2021